

IN THE DISTRICT COURT OF PAYNE COUNTY
STATE OF OKLAHOMA

IN THE DISTRICT COURT OF
Payne County, Oklahoma
Filed
APR 03 2018
LORI ALLEN, Court Clerk
By: _____ Deputy

| | |
|---|---|
| DONALD LEE PEACOCK, an individual, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. CJ-2018- 163 |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., d/b/a STATE FARM INSURANCE CO., a foreign for-profit entity, | ) |
| Defendants. | ) |

## PETITION

COMES NOW the Plaintiff Donald Lee Peacock, and for his causes of action against Defendant, state the following:

### JURISDICTIONAL STATEMENT

1. That at the time of the subject collision and events thereafter, Plaintiff was a resident of Payne County, State of Oklahoma.

2. That Defendant State Farm Mutual Automobile Insurance Co. d/b/a State Farm Insurance Co., (hereinafter referred to as "State Farm") is a foreign insurance company headquartered in Illinois.

3. This Court has jurisdiction over this case as the county where the collision occurred.

### FIRST CLAIM FOR RELIEF---BREACH OF CONTRACT AND BAD FAITH

Plaintiff re-alleges all previous allegations and further alleges and states:

4. On or about February 22, 2013 Plaintiff was involved in a motor vehicle collision caused by the negligence of Darelyn Minor ("Minor").


EXHIBIT 1

5. Miner was insured by Equity Insurance and had a liability policy limit of $25,000 per person.

6. As a result of the collision, Donald Peacock was injured and incurred over $30,000.00 in medical expenses.

7. The insurance company for Minor ultimately tendered their policy limits of $25,000.00 to settle Mr. Peacock's claim.

8. Prior to and on the specific date of said collision, Plaintiff was insured on a policy of automobile insurance with State Farm via State Farm policy number 1620768-C01-36 (hereinafter referred to as "the policy").

9. The policy a afforded the Plaintiff $75,000.00 in uninsured/underinsured motorist, or UM/UIM, coverage.

10. As a result of Plaintiff's coverages, UM/UIM Claim No. 36-20W7-831 was opened for Plaintiff Donald Lee Peacock.

11. The UM/UIM claim was a first-party claim made by Plaintiff as a State Farm insured.

12. Before Mr. Peacock settled his claim with Equity Insurance, State Farm provided a UM/UIM waiver of subrogation allowing Plaintiff to settle his claim against Darelyn Minor and maintain his UM/UIM claim against State Farm.

13. State Farm adjuster Joyce Kelly was initially assigned and handled Plaintiff's UM/UIM claim. The claim was later assigned to State Farm adjuster Gaynor Richardson.

14. The Plaintiff submitted a UM/UIM demand to State Farm insurance since Plaintiff's past medical bills alone exceeded the Equity Insurance policy limits of $25,000.00, let alone Plaintiff's pain and suffering or future medical care.

15. The UM/UIM demand contained over $30,000.00 in past medical expenses incurred by Plaintiff Don Peacock.

16. Plaintiff underwent an IME by Dr. Richard Hastings on November 6, 2017 who related all of Plaintiff's past medical care totaling in excess of $30,000.00 as being reasonable and necessary due to the injuries he sustained in the collision from February 22, 2013.

17. Dr. Hastings made further recommendations for Mr. Peacock's future medical care needs as a result of the February 22, 2013 collision.

18. Plaintiff submitted the IME report of Dr. Hastings to State Farm on January 16, 2018.

19. State Farm acknowledged receipt of the IME report January 26, 2018 and stated the information was being reviewed at that time.

20. On or about February 6, 2018, Plaintiff's representatives received a letter from State Farm adjuster Gaynor Richardson, stating that in her opinion the value of Plaintiff's case was within the at-fault $25,000.00 liability coverage, meaning that payment of Plaintiff's underinsured motorist benefits, either in part or in whole, were not warranted.

21. State Farm breached its contractual obligations under the policy by wrongfully denying Plaintiff Donald Lee Peacock's UM/UIM claim and failing to honor its known obligations under the law pertinent to the policy.

22. With regard to Donald Lee Peacock, State Farm breached the implied covenant of good faith and fair dealing in the insurance contract, in accord with its routine practice for the handling of such claims, including but not limited to the following acts and omissions:

    a.    failing and refusing payment and other policy benefits on behalf of Plaintiff at a time when Defendant knew that Plaintiff was entitled to those benefits;

    b.    failing to properly investigate and evaluate Plaintiff's UM/UIM claim,

    c.    withholding payment of the benefits on behalf of Plaintiff knowing that Plaintiff's claims for those benefits were valid;

    d.    refusing to honor Plaintiff's claims in some instances for reasons contrary to the express provisions of the policy and/or Oklahoma law;

    e.    failing to properly train their employees and adjusters on how to handle first-party claims;

    f.    failing to properly train their employees and adjusters on applicable Oklahoma laws relating to first-party claims;

    g.    failing to adopt and implement reasonable standards for the prompt investigation and reasonable handling of claims arising under these policies, to include Plaintiff's claims;

    h.    not attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff's claims;

    i.    failing to properly evaluate any investigation that was performed;

    j.    refusing to consider the reasonable expectations of the insured;

    k.    failing and refusing to properly investigate and consider the insurance coverage promised to their insured; and

23.    The above acts and omissions are all in violation of the implied covenant of good faith and fair dealing and resulted in financial benefit to State Farm.

24.    As a direct result of State Farm's breach of contract and bad faith, Plaintiff has suffered loss of the policy benefits, loss of the coverage promised by State Farm, mental and emotional distress, frustration and embarrassment, costs to mitigate damages and other damages.

25.    State Farm recklessly disregarded and/or intentionally and with malice breached its duty to deal fairly and act in good faith, thereby entitling Plaintiff to recover punitive damages.

26. That State Farm's breach of the insurance contract and acts of bad faith are ongoing.

WHEREFORE, premises considered, Plaintiff seeks judgment against Defendant State Farm in an amount in excess of $75,000.00 plus court costs, pre-judgment, post-judgment interest, attorneys' fees, punitive damages and any further relief this Court deems equitable and just.

Respectfully submitted,

MARTIN JEAN & JACKSON

By: _____
Michael P. Martin, OBA # 22225
P.O. Box 1089
Stillwater, OK 74076
(405)377-5000 Telephone
(405)377-5011 Facsimile
mmartin@mjjlawfirm.com

**ATTORNEY LIEN CLAIMED**